UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                v.

MAXIMILIANO CESPEDES,

                Defendant.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-cr-216 (JMA)

FILED
CLERK
9:29 am, Jul 18, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Pending before the court is the motion of defendant Maximiliano Cespedes ("Defendant") for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). See Motion for Sentence Reduction, ECF No. 32. For the reason set forth below, Defendant's motion is DENIED.

## I. BACKGROUND[1]

### A. Guilty Plea and Sentence

On March 23, 2022, Defendant appeared, with counsel, before the undersigned and, pursuant to a plea agreement, entered a guilty plea to a single-count indictment charging him with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (See Minute Entry, ECF No. 22; Plea Agreement, ECF No. 33-1.)

Following the guilty plea, the Probation Department issued the Pre-Sentence Investigation Report ("PSR") which calculated a total offense level of 29 and a criminal history category of III. (See PSR, ECF No. 23, at 4.) In determining Defendant's offense level, Probation used the 2021 Guidelines Manual, which incorporated all guideline amendments enacted prior to, and including

---

[1] Only background facts relevant to determination of the pending motion are set forth herein.

November 1, 2018.  (See id.; see generally U.S. SENT'G GUIDELINES MANUAL (U.S. SENT'G COMM'N 2021).)  Defendant's Guidelines range under the PSR was 108 to 135 months.  (See PSR, ECF No. 23, at 4.)

At Defendant's October 13, 2022 sentencing hearing – notwithstanding the PSR's Guidelines calculation – the Government and Defendant stipulated to a Guidelines range of 87 to 108 months, as set forth in Defendant's plea agreement.  (See generally Plea Agreement; see also October 13, 2022 Sentencing Transcript ("Tr."), ECF No. 33-2, at 3:20-4:7.)  The Court adopted the parties' stipulated Guidelines range for sentencing purposes.  (Tr. 4:8-16.)  Immediately thereafter, the Court sentenced Defendant to ninety-seven (97) months imprisonment, and further imposed a four-year (4) term of supervised release, to begin following Defendant's release from prison.  (See Minute Entry, ECF No. 27; Judgment, ECF No. 28.)

**B. Instant Motion**

On May 24, 2023, Defendant, acting pro se, filed the instant application for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines").  (See ECF No. 32.)  The Government responded on June 7, 2023.  (See ECF No. 33.)

## II.  DISCUSSION

**A. Legal Standards**

Under 18 U.S.C. 3582(c)(2) a court may modify a defendant's sentence where that defendant:

> has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

>applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011).

Federal courts utilize a two-step inquiry to evaluate sentence reduction requests under 18 U.S.C. § 3582(c). See Dillon v. United States, 560 U.S. 817, 826 (2010). First, a court must "determine that a reduction is consistent with U.S.S.G. § 1B1.10." Id. Under Section 1B1.10, a court considering whether a sentence reduction is warranted "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." Step two of this inquiry requires the court to consider "whether the authorized reduction is warranted" based on the factors set forth in § 3553(a)." Dillon, 560 U.S. at 826; see also United States v. Castro, 841 F. Supp. 2d 655, 657 (E.D.N.Y. 2012) (Under Dillon, the court may consider the § 3553(a) factors "if, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582 and § 1B1.10.").

**B. Defendant's Sentence Reduction Request**

Defendant's instant request for a sentence reduction under Section 3582(c)(2) is governed by the above-mentioned, two-step Dillon inquiry. First, the Court must determine whether a sentence reduction is warranted. Dillon, 560 U.S. at 826. A defendant's sentence may only be reduced when the sentence was based on a "sentencing range that has subsequently been lowered by the Sentencing Commission." Id. at 824. Here, Defendant's reduction request is based on Amendment 782, which "reduced the offense levels for certain controlled substance offenses by two levels." United States v. Ramirez, 846 F.3d 615, 618 (2d Cir. 2017).[2]

---

[2] As the Second Circuit has recognized, in 2014, "the Sentencing Commission adopted Amendment 788, which stated that Amendment 782 should be applied retroactively." Ramirez, 846 F.3d at 618.

3

Amendment 782 not only came into effect on November 1, 2014 and had been in effect for nearly eight years at the time of Defendant's October 13, 202 sentencing, but was factored into Defendant's original PSR Guidelines calculation. (See PSR at 4.) This fact, by itself, renders Defendant's motion defective. Indeed, multiple courts within this Circuit have rejected similar motions for sentence reductions after finding that, as here, Amendment 782 had been accounted for in earlier PSR Guidelines calculations and sentencing decisions. See e.g., United States v. Rivera, No. 08-cr-115, 2023 WL 1766209 at *2 (E.D.N.Y. February 2, 2023) (denying a sentence reduction because Amendment 782 was in effect for nearly one-and-a-half years at the time of sentencing); United States v. Santos, No. 19-cr-74, 2022 WL 2600176 at *3 (D. Conn. July 8, 2022) (denying sentence reduction request because Amendment 782 was factored into original sentence); United States v. Stevens, No. 16-cr-311, 2021 WL 1373611 at *2 (S.D.N.Y. April 12, 2021) (denying sentence reduction because Amendment 782 had been in effect for over three years at time of sentencing).

Moreover, Defendant submits no evidence that Amendment 782 was not incorporated into this Court's sentence. Indeed, his contention that he was "sentenced to a term of imprisonment on a sentencing range that has subsequently been lowered by the United States Sentencing Commission," see ECF No. 32, is not only incorrect, but flatly contradicted by the plea agreement. It is undisputed that the 2021 Sentencing Guidelines Manual – upon which the PSR's original Guidelines calculation was based – incorporated Amendment 782. (See PSR at 4.) It is further undisputed that the parties stipulated to a sentencing Guidelines range that was well-below the range set forth in the PSR, and the Court sentenced Defendant to a term of imprisonment that fell below the PSR's original Guidelines range. (Tr. 3:20-4:7; 8:2-10:18.) Defendant's motion thus

fails on this alternate ground. The Court concludes that Amendment 782 was properly included in Defendant's Guidelines range for sentencing and denies Defendant's motion in its entirety.[3]

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 32, is DENIED.

**SO ORDERED**.

Dated: July 18, 2023　　　　　　　　　　　　　　　　 /s/ (JMA)
　　Central Islip, New York　　　　　　　　　　　Hon. Joan M. Azrack
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Based on the above conclusion that Amendment 782 was initially factored into – and cannot further reduce – Defendant's sentence, the Court need not continue to the second step of Dillon's two-step inquiry. See Dillon, 560 U.S. at 826; see also United States v. Castro, 841 F. Supp. 2d 655, 657 (E.D.N.Y. 2012).